**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE CAPSTONE TURBINE CORP. STOCKHOLDER DERIVATIVE LITIGATION | Master File No.: CV 16-1569-DMG (RAOx) **PRELIMINARY APPROVAL ORDER [53]** |
| THIS DOCUMENT RELATES TO: All Actions | |

Presented to the Court for preliminary approval is a settlement of all claims asserted against all Defendants in the above-captioned action (the "Action").  The terms of the Settlement are set out in a Stipulation of Settlement executed by counsel for the Parties as of July 14, 2020 (the "Stipulation").  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court, having reviewed the Stipulation, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     The Court has jurisdiction over the subject matter of the Action, the Settlement, and the Parties to the Action.

2.     The Court preliminarily finds that the proposed Settlement should be approved as being fair, reasonable, adequate, and in the best interests of Capstone Turbine Corporation ("Capstone") and its shareholders, subject to further consideration at the Settlement Hearing described below.

3. A hearing ("Settlement Hearing") will be held on **October 30, 2020 at 10:00 a.m.** before this Court via video or telephone, pursuant to Federal Rule of Civil Procedure 23.1, to among other things:  (i) determine whether the proposed Settlement, as set forth in the Stipulation, is fair, reasonable and adequate and in the best interests of Capstone and its shareholders, and should be approved by the Court; (ii) consider any objections to the Settlement submitted in accordance with the Notice; (iii) determine whether a Final Judgment substantially in the form attached as Exhibit C to the Stipulation should be entered, dismissing all claims in the Action with prejudice, directing State Plaintiffs to file notices of dismissal with prejudice in the State Actions as against Defendants pursuant to the Stipulation, and releasing the Released Claims against the Released Persons; (iv) consider the payment to Plaintiffs' Counsel of attorneys' fees and for the reimbursement of case related expenses; (v) consider the payment of Service Awards to Plaintiffs to be paid from the Fee and Expense Amount; and (vi) consider any other matters that may properly be brought before the Court in connection with the Settlement.

4.     The Court approves, as to form and content, the Notice (annexed as Exhibit D to the Stipulation) and the Summary Notice (annexed as Exhibit E to the Stipulation), subject to the Court's suggested edits and final edits, and finds that the distribution of the Notice substantially, in the manner and form set forth in this Preliminary Approval Order, meets the requirements of due process and applicable law, and shall constitute due and sufficient notice to all Persons entitled thereto.

5.     By **September 11, 2020**, Capstone shall file a Form 8-K with the SEC, which shall attach the Notice, and shall cause the Summary Notice to be published in the *Investors' Business Daily*.  The Notice and Summary Notice shall each be in substantially the same form as Exhibits D and E respectively to the Stipulation, subject to the Court's suggested edits and final edits.  A copy of the Notice shall be made available on Capstone's investor relations website, the address of which shall be contained in the Notice and Summary Notice.  Nonmaterial changes to the form of the Notice may be made upon agreement by the Settling Parties without further approval of the Court.  A copy of the Stipulation shall be made available on Plaintiffs' counsel's website.

6.     By **October 23, 2020**, counsel for Capstone shall file with the Court an appropriate affidavit or declaration with respect to providing the Notice in compliance with this Preliminary Approval Order.

7.     Any submissions by the Settling Parties in support of a motion for attorneys' fees and expenses, shall be filed with the Court and served by **September 28, 2020**, and any submissions by the Settling Parties in support of final approval of the Settlement and in opposition or response to objections shall be filed with the Court by **October 23, 2020**. The motion for final approval shall include a declaration attaching a copy of all timely objections.  A copy of the motion for attorneys' fees and expenses and the motion for final approval of the Settlement shall be posted on Plaintiffs' counsel's website.

8.     Any Current Capstone Shareholder who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or to the proposed Fee and Expense Amount and Service Awards, may file an objection.  An objector must send Plaintiffs'

counsel and Defendants' counsel a written statement of his, her, or its objection(s): (a) stating the case name and number: *In re Capstone Turbine Corp. Stockholder Derivative Action*, Master File No.: CV 16-01569-DMG (RAOx); (b) clearly indicating that objector's name, mailing address, daytime telephone number, and e-mail address (if any); (c) stating that the objector is objecting to the proposed Settlement and/or proposed Fee and Expense Amount and Service Awards; (d) specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (e) identifying and supplying documentation showing how many shares of Capstone common stock the objector owned as of July 14, 2020, when the objector purchased or otherwise acquired such shares, and whether the objector still owns any such Capstone shares.

9. The objector must send such objections and supporting documentation to counsel at the following addresses not later than **October 12, 2020**:

Counsel for Plaintiffs:
Michael J. Hynes
Ligaya Hernandez
HYNES & HERNANDEZ LLC.
101 Lindenwood Drive, Suite 225
Malvern, PA 19355

– and –

Thomas J. McKenna
Gregory M. Egleston
GAINEY McKENNA & EGLESTON
501 Fifth Avenue, 19th Floor
New York, NY 10017

Counsel for Defendants and Capstone:
Nina F. Locker
Stephen B. Strain
Drew Liming

**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304

An objector may file an objection on his, her or its own or through an attorney hired at his, her or its own expense.  If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must effect service of a notice of appearance on the counsel listed above no later than **October 12, 2020**.  Any Current Capstone Shareholder who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from making, any objection to the Settlement, and any untimely objection shall be barred.

10.    Any objector who files and serves a timely, written objection in accordance with the instructions above and herein, may appear at the Settlement Hearing either in person or through counsel retained at the objector's expense.  Objectors need not attend the Settlement Hearing, however, in order to have their objections considered by the Court.  Timely objectors or their attorneys intending to appear at the Settlement Hearing are required to indicate in their written objection (or in a separate writing submitted to the counsel listed in the preceding paragraph) no later than **October 12, 2020** that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Objectors or their attorneys intending to appear at the Settlement Hearing must also, no later than **October 12, 2020**, file with the Court, and serve upon counsel listed in the above paragraph, a notice of intention to appear, setting forth the name and address of anyone intending to appear.

11.     Defendants' Counsel and Plaintiffs' Counsel shall promptly furnish all Settling Parties with copies of any and all objections and notices of intention to appear that come into their possession.

12.     Pending final determination of whether the Settlement should be approved, Plaintiffs and all other Current Capstone Shareholders, and anyone who acts or purports to act on their behalf, shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of, any Released Claim against any of the Released Persons.

13.     This Order shall become null and void and shall be without prejudice to the rights of the Settling Parties if the Settlement is terminated in accordance with the Stipulation.  In such event, Section 6 of the Stipulation shall govern the rights of the Settling Parties.

14.     This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Persons of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Stipulation is terminated, nor shall it be used in any manner prohibited by Paragraphs 6.3 & 7.5 of the Stipulation.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Persons or the Plaintiffs.

15.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order.  Pending final determination of whether the Stipulation should be finally approved, Plaintiffs, Capstone, and all of Capstone's stockholders, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Persons.  This Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

15.     The Court reserves the right to approve the Stipulation and the Settlement with modifications agreed to by the Settling Parties and without further notice to any Current Capstone Shareholders.  The Court further reserves the right to adjourn the date of the Settlement Hearing without further notice to Current Capstone Shareholders, and retains jurisdiction to consider all further matters related to the Action or the Settlement.

IT IS SO ORDERED.

DATED:  August 28, 2020

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

-7-