**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPSTONE TURBINE CORP. STOCKHOLDER DERIVATIVE LITIGATION<br><br>THIS DOCUMENT RELATES TO: All Actions | Master File No.: CV 16-1569-DMG (RAOx)<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS SETTLEMENT; FINAL JUDGMENT** |

This matter came before the Court for a hearing on October 30, 2020 pursuant to the Order of this Court entered on August 28, 2020 (the "Preliminary Approval Order") [Doc. # 61], on the application of the parties for final approval of the Settlement set forth in the Stipulation of Settlement, dated as of July 14, 2020 (the "Stipulation") [Doc. # 55-1].

Due and adequate notice having been given, as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Approval Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as those set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter over the Federal Derivative Actions, including the terms and conditions of the Stipulation and all exhibits thereto, and over the Settling Parties.

3. The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, Capstone, and Current Capstone shareholders, and hereby directs the Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

4. The Court hereby dismisses the Federal Derivative Actions with prejudice. Each party shall bear its own fees and costs, except as set forth herein. The Court also directs Plaintiffs to file notices of dismissals with prejudice in the State Derivative Actions and the *Boll* Action as against Defendants pursuant to the Stipulation.

5. Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on behalf of Capstone and its stockholders) and Capstone shall have, and Current Capstone Stockholders by operation of this Final Judgment shall be deemed to have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims (including Unknown Claims) against the Released Persons and their

1  Related Persons, including any and all claims (including Unknown Claims) against the
2  Released Persons and their Related Persons arising out of, relating to, or in connection
3  with the defense, Settlement, or resolution of the Actions.

4    6.    Upon the Effective Date, Plaintiffs (acting on their own behalf and
5  derivatively on behalf of Capstone), Capstone, and each of Capstone's stockholders
6  (solely in their capacity as Capstone stockholders) shall be forever barred, estopped, and
7  enjoined from commencing, instituting, or prosecuting any of the Released Claims
8  (including Unknown Claims) or any action or other proceeding against any of the
9  Released Persons based on the Released Claims, or any action or proceeding arising out
10 of, relating to, or in connection with the Released Claims or the filing, prosecution,
11 defense, settlement, or resolution of the Actions. Nothing herein shall in any way impair
12 or restrict the rights of any Settling Party to enforce the terms of this Stipulation.

13   7.    Upon the Effective Date, each of the Defendants represented in the Actions
14 by undersigned counsel shall be deemed to have fully, finally, and forever released,
15 relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including
16 Unknown Claims), arising out of, relating to, or in connection with the institution,
17 prosecution, assertion, settlement, or resolution of the Actions or the Released Claims.
18 Nothing herein shall in any way impair or restrict the rights of any Settling Party to
19 enforce the terms of this Stipulation.

20   8.    The Court finds that the Notice given to Current Capstone Stockholders of
21 the Settlement, Stipulation, and Settlement Hearing was the best notice practicable under
22 the circumstances and that said Notice fully satisfied the requirements of due process and
23 applicable law.

24   9.    Pursuant to the Stipulation, the Effective Date of the Settlement shall not
25 occur until, among other things, the State Actions and the *Boll* Action have been
26 dismissed with prejudice and those dismissal orders are Final.
27 //
28 //

1     10.    The Court hereby approves the Fee and Expense Amount of $500,000 in accordance with the terms of the Stipulation and directs payment of the Fee and Expense Amount as provided in the Stipulation. The award consists of $458,681.39 for attorneys' fees, $15,000 in service awards for the five named Plaintiffs ($3,000 each), and $26,318.61 for expenses.

    11.    Plaintiffs are each awarded Service Awards in the amount of $3,000, which shall be funded from Plaintiffs' Counsel's Fee and Expense Amount.

    12.    Neither this Final Judgment, the Settlement, the Stipulation (including any exhibits attached hereto) nor any act performed or document executed pursuant to or in furtherance of the Stipulation or Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a presumption, a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing or liability of the Released Persons; or (b) is, may be deemed to be, or may be used as a presumption, concession, admission or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation and/or the Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

    13.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel acted in good faith and complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other similar laws relating to the institution, prosecution, defense, or settlement of the Actions.

14. Without affecting the finality of this Final Judgment in any way, this Court shall retain jurisdiction over the Action and the parties to the Stipulation to enter any further order as may be necessary to effectuate the Stipulation, Settlement provided therein, and provisions of this Final Judgment.

15. Any order regarding an award of attorneys' fees and expenses, or any appeal, modification or change of such an order, shall in no way disturb or affect the finality of this Final Judgment and shall be considered separate from this Final Judgment.

16. This Settlement shall be a final and complete resolution of all disputes among the parties. No party to the Stipulation may assert in any forum that the Actions were brought, commenced, or prosecuted by the Plaintiffs or their counsel in bad faith or that the Actions were not filed or raised in good faith or was not settled voluntarily after negotiating at arm's length and in good faith after consultation with competent legal counsel.

17. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Section IV, ¶¶ 7.7, 7.21 of the Stipulation, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Current Capstone Shareholders or the Released Persons under the Stipulation.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

//

//

//

19. The provisions of this Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Final Judgment.

IT IS SO ORDERED.

DATED: October 30, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE